# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
_____

**ORDER OF DETENTION PENDING TRIAL**

Case Number: _____

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] under 18 U.S.C.§924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [ ] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: _____

_____
*Signature of Judicial Officer*

_____
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

defendant has taken on her trips to California is unclear since tax documents show she has reported income of less than $14,000 total for the past three calendar years and currently is under a $1200/month restitution order. The government produced testimony she has been interdicted twice at Detroit Metro with large sums of money hidden in her underwear. In March 2007, over $6,000 was seized concerning which defendant was very evasive. She did not contest forfeiture of this amount. In October 2007, an additional $4,000 was seized under suspicious circumstances. The forfeiture of this money is being contested.

There was uncontroverted testimony at the detention hearing that the defendant has been the principal source for approximately 1500 kilograms of powder cocaine, 50 of which have gone to Lansing. An August 2007 raid on her home produced a loaded .38 caliber revolver under her mattress, a bullet-proof vest in her home, and digital scales in a second floor bedroom. Defendant has also used the aliases Felicia Poindexter and Rita Kareema Majid, and attempted to apply for a Michigan drivers license under both the names Rita Kareema Foster and Felicia Sabrina Blake. Defendant acknowledges using cocaine on a monthly basis, and until a year ago used marijuana throughout her adult life. She also drinks approximately one pint of alcohol on a daily basis.

**Part II - Written Statement of Reasons for Detention** - (continued)

conspiracy was underway, even while defendant was on a two-year period of probation from 2003 until June 24, 2005, resulting from a charge of receiving and concealing $20,000 or more of stolen property. Thus, it is evident defendant has no reluctance to engage in substantial criminal activity even when she is under the supervision of a court. In the alternative, I also find that the fact that defendant runs a clothing boutique and is purchasing property in Detroit, and the other information about her, does not rebut the presumption in this case that she is a danger to the community because of her drug trafficking.